UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT J. KELLERMAN, | ) | CASE NO. 2:15-cv-00630 |
| | ) | |
| Plaintiff, | ) | JUDGE ALGENON L. MARBLEY |
| | ) | MAGISTRATE JUDGE KEMP |
| v. | ) | |
| | ) | |
| GENE J. KUZMA, | ) | **CONFIDENTIALITY STIPULATION** |
| | ) | **AND PROTECTIVE ORDER** |
| Defendant | ) | |

Pursuant to Rule 26(c) and Rule 29 of the Federal Rules of Civil Procedure and in order to protect confidential and/or proprietary information disclosed in the captioned matter (the "Lawsuit"), Plaintiff Robert J. Kellerman, and Defendant Gene J. Kuzma, by and through counsel, hereby stipulate and agree that:

1. No person shall use any information produced in the Lawsuit for any purpose other than for the prosecution or defense of the Lawsuit. For purposes of this Confidentiality Stipulation and Protective Order (the "Order"), the Lawsuit means the underlying dispute between the parties and shall extend to any forum, including the United States District Court, Southern District of Ohio, and any mediation in which this dispute is litigated.

2. Any party to the Lawsuit may in good faith designate documents, information or other tangible materials produced by that party as "Confidential" by stamping, labeling, typing or writing the word "Confidential" on the face of the document or materials.

3. The term "Confidential" includes all confidential, sensitive, private and proprietary information that a designating party believes constitutes or contains trade secrets or other confidential, financial, personal, business, or commercial information that the designating

{6048317:}

party has maintained in confidence or is under an obligation to maintain in confidence.  All copies, summaries, analyses or other writings that contain, reflect, or reveal information deemed Confidential shall also be deemed to be Confidential. The Confidential designation shall not include information which:  (a) is publicly known and generally available in the public domain prior to the time of disclosure to the recipient; or (b) becomes publicly known or generally available after disclosure to the recipient through no action or inaction of the recipient.

4. Failure of a party to challenge documents, information, or materials designated as Confidential shall not be construed as an admission that they actually are Confidential.

5. Nothing herein shall constitute:  (1) an agreement to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by the Federal Rules of Civil Procedure or Court order; (b) a waiver of any right to object to any discovery request in the Lawsuit or any other action; or (c) a waiver of any claim of privilege or immunity with regard to any testimony, documents or information.  Nothing herein shall limit a parties' right to claw back inadvertently produced documents containing attorney-client privileged communications.

6. All documents, materials or other information designated as "Confidential" shall not be furnished, shown or disclosed to any person except the parties to the Lawsuit and their spouses, counsel of record of the parties, employees of counsel of record for the parties, lay witnesses whom the respective parties may anticipate calling at trial and expert witnesses retained by the parties or counsel of record, unless such individuals are informed of the terms of this Order and agree in writing to be bound by the terms of this Order before counsel of record or the parties furnish, show, or disclose such information to them.

7. To the extent that a brief, memorandum, or pleading references any document marked as "Confidential", then the brief, memorandum, or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. Before any document marked as "Confidential" is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as "Confidential" to determine whether, with the consent of that party, the document or redacted version of the document may be filed with the Court not under seal. Where agreement is not possible or adequate, the party must make an application to the Court to file the "Confidential" document under seal no sooner than seven (7) days after providing notice of intent to file or submit the "Confidential" document. Once such application has been made and approved, the "Confidential" document shall be placed in a sealed envelope marked "Confidential – subject to protective order", displaying the case name, docket number, a designation of what the document is, the name of the party and on whose behalf it is submitted and the name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers. All trials are open to the public and absent an order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during trial.

8. A party or non-party who desires to have any proceedings in this case, or any portion thereof, sealed on the grounds that "Confidential" information or testimony may be disclosed may move for an appropriate Order prior to or at the time of the proceeding in question.

9. Inadvertent production of any document or information without a designation "Confidential" shall not operate as a waiver if: 1) the disclosure is inadvertent; 2) the holder of

the privilege or protection took reasonable steps to prevent the disclosure; 3) the holder promptly took reasonable steps to rectify the error in accordance with applicable Ohio case law regarding inadvertent disclosure of documents.

10. Thirty (30) days after termination of this action, including any appeals, documents and other tangible items designated as "Confidential," including all copies, shall be returned to the party that produced it or, upon that party's written consent, destroyed, and all persons who possessed such material shall verify, to the best of their knowledge, the return or destruction by certification furnished to the producing party. All notes and other materials that contain or refer to materials designated as "Confidential" and that were prepared by anyone other than the designating party shall remain subject to the terms of this Order. Notwithstanding the above, counsel may retain copies of all pleadings, briefs, appendices and transcripts in their files.

11. Testimony or other material disclosed or to be disclosed at any deposition occurring in this litigation may be designated under paragraph 2 by any party by: (a) indicating on the record at the deposition that the testimony is Confidential; or (b) notifying the other party in writing of such designation prior to the deposition. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated "as Confidential". Thereafter, the court reporter shall designate those portions of the deposition transcripts designated as "Confidential" with the appropriate legend indicated under paragraph 2 by the party asserting ownership thereto.

12. Nothing contained in this Order shall preclude any party from using documents and other tangible items it has designated as "Confidential" in any manner it sees fit.

13. Any party may challenge the designation of Confidential Material by notifying the designating party that the party challenges the designation and the reason for the challenge. The designating party will then have thirty (30) days to file a Motion for a Protective Order with

the Court to confirm the designation or otherwise establish that the Confidential Material should be filed under seal.  Until such time as the court rules on any pending Motion for Protective Order related to a Confidential Material designation, the challenging party shall treat the information as Confidential Material within the meaning of this Order.

14. This Order survives the termination of the Lawsuit.

IT IS SO AGREED.

| | |
|---|---|
| /s/Tony C. Merry | April 5, 2016 |
| Tony C. Merry (0042471) | Date |

Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio 43085
(614) 372-7114
(614) 505-6109 (fax)
tmerry@tmerrylaw.com

Attorney for Plaintiff


| | |
|---|---|
| /s/Dan L. Makee | April 5, 2016 |
| Dan L. Makee (0029602) | Date |

Trial Attorney
McDonald Hopkins LLC
600 Superior Avenue, E., Suite 2100
Cleveland, Ohio 44114
(216) 348-5400
(216) 348-5474 (fax)
dmakee@mcdonaldhopkins.com

Attorney for Defendant


    IT IS SO ORDERED.

                                /s/ Terence P. Kemp
                                UNITED STATES MAGISTRATE JUDGE